IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Benjamin J. Kinard, #Y317717, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Officer Jackson; Captain Kevin )<br>Coleman; and Lt. Johnson, )<br><br>Defendants. )<br>_____ ) | Civil Action No. 6:10-76-TLW-WMC<br><br>**O R D E R** |

This matter is before the court on the plaintiff's motion for protective custody. The plaintiff, a state prisoner proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his complaint, the plaintiff alleges that he was subjected to an attack by a fellow inmate and that the attack was instigated by one of the defendants. He claims that the defendants knowingly failed to protect him from the incident and refused to get him medical assistance after the incident.

In his motion now before the court, the plaintiff alleges that Major Kenneth Sharp, who is not a defendant in this case, threatened him in front of other inmates. According to the plaintiff, defendant Captain Kevin Coleman was present when Major Sharp threatened him. The plaintiff asks that the court order that he be placed in protective custody.

The plaintiff's motion was filed on March 15, 2010.  On March 24, 2010, the plaintiff submitted a Grievance to the Grievance Coordinator at Turbeville Correctional Institution stating many of the fears he asserts in this motion.  The plaintiff stated that he needs to be shipped to another institution and that his life is danger at the hands of Turbeville's staff.  Pursuant to South Carolina Department of Corrections ("SCDC") Policy OP 22-22.23, the plaintiff was immediately screened for protective custody.  Pursuant to SCDC Policy, the captain in charge interviewed and evaluated the plaintiff for protective custody.  However, during the interview, the plaintiff indicated that he wished to withdraw his request for protective custody and attested to the fact he no longer sought protective custody.  Therefore, the Duty Warden reviewed the protective custody evaluation and determined no further action was warranted (def. resp. to motion, ex. 1, Warden Bradshaw aff.).

As the plaintiff formally withdrew his request for protective custody at the institutional level following the filing of the motion, the motion for protective custody (doc. 22) is moot.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

April 6, 2010

Greenville, South Carolina