IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Benjamin J. Kinard,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Officer Jackson,<br>Captain Kevin Coleman, and<br>Lt. Johnson,<br>　　　　　　　　Defendants. | Civil Action No. 6:10-76-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 43). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. The defendants are employed by the South Carolina Department of Corrections ("SCDC") at the Turbeville Correctional Institution ("TCI").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

## PROCEDURAL HISTORY

In his complaint filed January 8, 2010, the plaintiff alleges that he was assaulted by fellow inmate Brown with the "permission" of defendant Officer Jackson, and that Officer Jackson did not immediately allow him to seek medical attention following the alleged assault. The plaintiff also complains that no disciplinary action was taken by defendants Captain Coleman and Lt. Johnson against Officer Jackson. The plaintiff seeks compensatory damages for pain and suffering, as well as emotional distress, and wants Officer Jackson punished. On March 9, 2010, the defendants filed an answer denying the plaintiff's allegations and raising various defenses.

On May 21, 2010, the defendants filed a motion for summary judgment. By order filed May 24, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his responsive sworn declaration in opposition on May 28, 2010, and a memorandum in opposition to the motion for summary judgment on June 17, 2010. The defendants filed a reply on June 25, 2010.

**FACTS PRESENTED**

The plaintiff is an SCDC inmate at Allendale Correctional Institution, but brought this action while housed at TCI. In his liberally-construed complaint, the plaintiff alleges that on June 17, 2009,[1] Officer Jackson violated his constitutional rights by permitting inmate Brown to strike the plaintiff, a self-described homosexual, with a "lock in a sock." The plaintiff alleges that Officer Jackson told the inmate "if he wanted to prove he wasn't gay, he would have to prove himself to Officer Jackson" (comp. 3). The inmate then allegedly struck the plaintiff while Officer Jackson stood nearby. The plaintiff alleges that Officer Jackson told him that "the incident really didn't have nothing to do with me," and that the inmate hit him to prove that he wasn't gay. *Id.* He further alleges that, following the assault, Officer Jackson did not allow him to seek immediate medical attention, though he admits receiving it a few days later. Finally, he alleges that Captain Kevin Coleman and Lt. Johnson failed to discipline Officer Jackson after he reported the incident to them.

In support of their motion for summary judgment, and in contradiction to the plaintiff's complaint, the defendants submit the affidavit of Officer Jackson, who denies authorizing, or even witnessing, the June 17th attack on the plaintiff. He further denies being

---

[1] The plaintiff initially alleged the date of the attack as June 18, 2009. In his memorandum in opposition to summary judgment, he advises that the actual date is June 17, 2009.

2

made aware by the plaintiff that he needed medical attention. Captain Kevin Coleman, in his sworn affidavit, likewise denies knowing of the planned assault. He testifies that he authorized the plaintiff to go to the medical unit on June 22nd, when the plaintiff first reported the assault to him. Also submitted by the defendants in support of summary judgment were records from TCI's medical unit, showing that the plaintiff was indeed seen on June 22, 2009, and that an exam revealed a "superficial scratch" with no redness or swelling. The records reflect that he returned to the medical unit on September 16, 2009, requesting and receiving ibuprofen for pain; however, the providers noted that "no swelling, bruising, or open areas" were observed (doc. 43-5).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

3

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a

4

tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). The United States Supreme Court has noted:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk of inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. *See* Prosser and Keeton §§ 2, 34, pp. 6, 213-214; *see also* Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680; *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38.

The plaintiff alleges that Officer Jackson permitted another inmate to assault him, and thus failed to protect him. While deliberate indifference to an inmate's safety needs is actionable under Section 1983, the deliberate indifference must relate to a known, specific risk of harm. *Winebrenner*, 927 F.2d at 1315. Accordingly, to fend off summary judgment, the plaintiff must show that Officer Jackson knew that inmate Brown specifically planned to attack the plaintiff and deliberately chose not to prevent it. A careful review of the complaint and other filings from the plaintiff reveals that he has failed to allege or make any such showing. Rather, he alleges and maintains that Officer Jackson witnessed the incident and did not take appropriate disciplinary action against inmate Brown. Obviously, witnessing an incident is quite different than knowing it is about to occur and permitting it to happen. The plaintiff's explanation of the incident is that inmate Brown had to do something to prove to

5

Officer Jackson he was not gay and that, as a result, inmate Brown assaulted a homosexual (the plaintiff). Even if true, nowhere does he allege that Officer Jackson knew that inmate Brown's response of proof would be to assault the plaintiff. Indeed, Officer Jackson testifies in his affidavit that he had no such knowledge. Accordingly, as the plaintiff has not presented any evidence that Officer Jackson had a "sufficiently culpable state of mind" that the plaintiff was about to be assaulted by inmate Brown, there is no issue of material fact on this aspect of the plaintiff's case, and summary judgment is recommended.

To the extent the plaintiff asserts a claim for deliberate indifference to a serious medical need, such claim also fails. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). "Deliberate indifference may be

6

demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Beorn*, 896 F.2d 848, 851-52 (4th Cir. 1990) (citation omitted).

Here, as borne out by the undisputed medical records, the plaintiff's purported injury from the assault was a one-inch superficial scratch with no redness, bruising, or swelling. Such a slight injury cannot give rise to an actionable Eighth Amendment claim, as it cannot satisfy the elemental threshold of being a serious medical need. As such, the indifference displayed to it by Officer Jackson was inconsequential for determination of summary judgment. Further, because the plaintiff has not suffered a serious physical injury, he cannot recover damages for related mental or emotional injury. See 42 U.S.C. § 1997e(e).

Finally, the plaintiff complains that Captain Kevin Coleman and Lt. Johnson did not take disciplinary action against Officer Jackson. Such a claim touching upon the day-to-day management of the TCI facility is not actionable under § 1983, and the plaintiff has failed to demonstrate that the actions or omissions by these two defendants have harmed him in any way. Accordingly, this claim is meritless.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 43) be granted.[2]

IT IS SO RECOMMENDED.

November 10, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

---

[2] The defendants also argue that the plaintiff failed to exhaust his administrative remedies. Since this court finds the claims fail on the merits, this argument will not be addressed.