IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Benjamin J. Kinard, | ) | Civil Action No. 6:10-cv-76-RMG-KFM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Officer Jackson, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains that his constitutional rights were violated in various respects. This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C. The Magistrate Judge recommended granting Defendants' summary judgment motion. (Dkt. No. 58). Plaintiff has not objected to the R&R. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report. That report is adopted and incorporated herein by reference.

## Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the

1

findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Here, Plaintiff must show that Officer Jackson knew that inmate Brown specifically planned to attack the plaintiff and deliberately chose not to prevent it. The Record reveals that Plaintiff has failed to allege or make any such showing.

Further, any claim for deliberate indifference to a serious medical need that Plaintiff is attempting to make also fails. It is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). "[A]n inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106. Here, as indicated in the medical records, Plaintiff's purported injury from the assault was a one-inch superficial scratch with no redness, bruising, or swelling. Such a slight injury cannot give rise to an actionable Eighth Amendment claim, as it cannot satisfy the elemental threshold of being a serious medical need. In addition, because the plaintiff has not suffered a serious physical injury, he

2

cannot recover damages for related mental or emotional injury. *See* 42 U.S.C. § 1997e(e).

## Conclusion

Based on the above, Defendants' Motion for Summary Judgment is **granted**. (Dkt. No. 43).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 8, 2010
Charleston, South Carolina